IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANGELITA H. GONZALES,            )
                                 )
        Plaintiff,                )
                                 )
   -vs-                           )   Civil Action No. 15-283
                                 )
CAROLYN W. COLVIN,               )
COMMISSIONER OF SOCIAL SECURITY, )
                                 )
        Defendant.                )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10, 12 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income benefits ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her application alleging she had been disabled since November 1, 2008. (ECF No. 7-5, p. 2). Administrative Law Judge ("ALJ"), Wayne Stanley, held a hearing on May 1, 2014. (ECF No. 7-2, pp. 24-65). On June 13, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 15-23).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Residual Functional Capacity ("RFC") [1]

#### 1.     Carpal Tunnel Syndrome

Plaintiff argues that ALJ improperly determined her RFC. (ECF No. 10, pp. 3-6). Specifically, Plaintiff suggests that because the ALJ found she had "severe" carpal tunnel syndrome, he was required to make an accommodation for that impairment in his RFC. *Id.* (ECF No. 10, pp. 27-28). "[S]uch a presumption would conflict with the regulatory scheme for determining whether a claimant is disabled, under which the determination of whether a claimant is severely impaired precedes a separate determination of whether the claimant, despite his severe impairment, retains the [residual functional capacity] to perform substantial gainful activity." *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Thus, just because an impairment is found to be severe does not mean necessarily that it erodes a plaintiff's RFC. *Franklin v. Astrue*, No. 10-CV-02532-PAB, Civ No. 10-cv-2532, 2012 WL 1059995, at *3 (D.

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

Colo. Mar. 28, 2012) ("Simply because plaintiff established a 'severe impairment' which only 'requires a de minimis showing of impairment,' does not necessarily require that the ALJ conclude that the impairment materially erodes plaintiff's RFC."). In this case, the ALJ discussed and thoroughly considered Plaintiff's carpal tunnel syndrome in his discussion of the RFC. (ECF No. 7-2, pp. 20-21). I find the ALJ properly reviewed the same and that his RFC, which does not include any limitations as it relates to Plaintiff's carpal tunnel syndrome, is based on substantial evidence. Therefore, remand on this basis is not warranted.

### 2. Use of a cane

Plaintiff also argues that the ALJ erred in failing to include the use of a cane in the RFC. (ECF No. 10, pp. 13-15). In support of the same, Plaintiff points to treatment records that noted Plaintiff arrived at the office with a cane and that she testified that she needed to use the cane for balance. *Id.* In his decision, the ALJ acknowledged Plaintiff's testimony that she used the cane for balance. (ECF No. 7-2, p. 19). He further noted that medical records indicated that she was observed with a cane. (ECF No. 7-2, p. 21). There is no evidence, however, that a cane was ordered by a doctor. Indeed, Plaintiff does not point to any evidence indicating that a doctor prescribed the use of a cane. *See,* ECF No. 10, pp. 13-15.

Additionally, "a medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." *Hatton v. Comm'r,* 131 F. App'x 877, 879 (3d Cir. 2005) (citation omitted). Here, the ALJ found Plaintiff's statements to be not entirely credible. (ECF No. 7-2, p. 19). Plaintiff does not attack the ALJ's credibility finding that she was not entirely credible. *See,* ECF Nos. 10, 16. Thus, the ALJ was not required to accept Plaintiff's use of a cane as imposing a functional limitation. As a result, there was no credible evidence that a cane was medically warranted and/or the impact of the use of the cane on Plaintiff's functional abilities. Therefore, I find no error in failing to include the use of a cane in formulating Plaintiff's RFC. Consequently, remand is not warranted on this basis.

### 3. Reasons for discounting opinions

Plaintiff additionally argues that the ALJ erred in failing to provide "good/specific/supported" reasons for discounting the opinion of the consultative examiner, Dr. Kalata. (ECF No. 10, pp. 6-13; No. 16, pp. 1-7). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, the ALJ gave Dr. Kalata's opinion little weight because he was not able to perform a full examination on the claimant, his opinions are inconsistent with the treatment records, and the opinion appears to be based primarily on Plaintiff's subjective complaints, (which he found to be not credible). (ECF No. 7-2, p. 22). Plaintiff suggests that these reasons are not borne out in the record. After a review of the record, I disagree.

As to the first reason, the ALJ noted that Dr. Kalata was not able to perform a full examination. (ECF No. 7-2, p. 22). The record indicates that Plaintiff was unable to lie in a supine position or go through the range of motion which impacted the test. *Id.; see also,* ECF No. 7-10, pp. 5, 7. As a result, according to Dr. Kalata, he performed the parts of the test that could be done. *Id.* In fact, because of the abbreviated nature of the examination, Dr. Kalata went so far as to suggest that "[i]f it is warranted, please reduce the internal medicine disability examination fee at your pleasure." *Id.* at p. 7. By noting the same, there was no implication by the ALJ that Plaintiff was not cooperating, as Plaintiff suggests. (ECF No. 10, p. 10). Rather, I find the ALJ was properly indicating limitations as noted specifically by Dr. Kalata. Thus, I find no error in this regard.

As to the second and third reasons, the ALJ noted that the opinion of Dr. Kalata is inconsistent with the record evidence and is based primarily on Plaintiff's subjective complaint. These are valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Again, I note that "a medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." *Hatton v. Comm'r,* 131 F. App'x 877, 879 (3d Cir. 2005) (citation omitted). Finally, based on a review of the record, I find there is substantial evidence of record to support the ALJ's weighing of the opinion of Dr. Kalata. (ECF No. 7-2, pp. 15-23). Consequently, I find no error in this regard.[2]

An appropriate order shall follow.

---

[2] Plaintiff also argues at the very end of this section in her brief that the ALJ should have ordered an additional consultative examinination or recontacted Dr. Kalata or sent the file back to the state agency for a review or obtained testimony from a medical expert. (ECF No. 10, pp. 12-13). The decision to order a consultative examination is within the sound discretion of the ALJ. *Thompson v. Halter,* 45 Fed.Appx. 146, 149 (3d Cir. 2002); 20 C.F.R. §§ 404.1517, 416.917. An "ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Id.* Other circumstances necessitating a consultative examination include situations where a claimant's medical records do not contain needed additional evidence, or when the ALJ needs to resolve a conflict, inconsistency or ambiguity in the record. *See,* 20 C.F.R. §§404.1519(a), 416.919(a). Based on the existing medical records in this case, I find the ALJ was not required to order a consultative examination. Furthermore, I find the record was sufficient such that the ALJ could make a proper determination. Thus, I find no error in this regard.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANGELITA H. GONZALES, )
)
    Plaintiff, )
)
-vs- ) Civil Action No. 15-283
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 12th day of January, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge